

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN K. SMITH                                        CIVIL ACTION

VERSUS                                                 NO. 00-321

TERREBONNE PARISH CRIMINAL                             SECTION "S" (5)
JUSTICE COMPLEX ET AL.

### REPORT AND RECOMMENDATION

The plaintiff Steven K. Smith, a prisoner at the Terrebonne Parish Criminal Justice Complex, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the prison facility as well as its warden, Marcel "Joe" Null. The plaintiff alleges that, while performing one of his duties at the prison, he was exposed to the blood of another prisoner who was infected with HIV  The plaintiff claims that he was possibly exposed to the virus because he was not provided with safety gloves or other measures. He states that he has been continually tested for the virus since that time, but has not tested positive. He seeks monetary damages.

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen all prisoner complaints against governmental entities, officers and employees, and dismiss those which are frivolous, malicious, fail to state a claim for which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In addition, an *in forma pauperis* complaint must be dismissed on the

DATE OF ENTRY FEB 25 2000

DATE OF MAILING FEB 25 2000

___Fee_____
___Process___
X /Dktd
✓ CtRmDep
Doc.No. 3

same grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(i) - (iii) (1999); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d));[1] *see also* 42 U.S.C. § 1997e (2000) (requiring dismissal of prisoner complaints on these grounds).

A court has broad discretion in determining whether a complaint is frivolous. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds by Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Neitzke v. Williams*, 490 U.S. 319, 327-29, 109 S. Ct. 1827, 1833-34 (1989). In the present case, the plaintiff's claims, under the broadest reading[2], should be dismissed for failure to state a cognizable claim.

The plaintiff alleges that another inmate in his dormitory was required to pass blood samples through the "hatch hole" -- an opening through which objects are routinely passed between prisoners and guards. The plaintiff states that he was required to clean the blood in this area, but that he was later informed that the inmate who gave the samples was infected with HIV, the virus that causes AIDS. The plaintiff claims that he was potentially exposed to the virus because he was not

---

[1] Section 1915(d) was amended in 1996 by Pub. L. No. 104-134, 110 Stat. 1321. The former section now appears at 28 U.S.C. § 1915(e). The amendment did not change the standard permitting dismissal of frivolous *in forma pauperis* complaints.

[2] The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

provided with safety gloves or other measures. He states that he has been continually tested for the virus since that time, but has not tested positive. The plaintiff does not state that he has suffered any form of physical injury, nor that he is presently required to perform these duties.

One of the most significant amendments to 42 U.S.C. § 1997e contained in the Prisoner Litigation Reform Act of 1996 was the addition of subsection (e), which now provides as follows:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

It is well-settled that section 1997e(e) bars a prisoner's claims for violation of the Eighth Amendment's prohibition of cruel and unusual punishment when the plaintiff does not assert that he suffered a physical injury. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d at 193-94. In *Zehner v. Trigg*, 133 F.3d 459 (7th Cir. 1997), the Seventh Circuit addressed a claim in which prisoners claimed that, as a result of their duties, they were potentially exposed to asbestos. Because the plaintiffs could not show that they suffered any detrimental health effects, the court held that § 1997e(e) barred the claim. *See id.* at 461. In the present case, the plaintiff's claims are remarkably similar. He does not claim that he has contracted HIV, nor that he suffered any detrimental health effects as a result of the practices regarding the handling of blood samples. Furthermore, he does not claim that he is presently required to perform his duties in a way that is potentially hazardous. The plaintiff seeks damages solely on the possibility that he was exposed to the virus. In the absence of a physical injury, this claim is foreclosed by § 1997e(e), and should be dismissed for failure to state a cognizable claim.

3

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) for failure to state a cognizable claim.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 23 day of February, 2000.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE